## Appeal of SAMUEL COOPER.                    Docket No. 959.

> Reasonable and necessary expenses incurred by a traveling sales-
> man are proper deductions from gross income.

Submitted January 28, 1925; decided February 26, 1925.

*Mr. Samuel Cooper*, the taxpayer, *pro se.*
*W. Frank Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal is taken from a determination of deficiency in tax liability of $208.50 asserted in a letter addressed by the Commissioner to the taxpayer on November 24, 1924. The taxpayer testified in his own behalf, and certain exhibits were admitted. From the oral and documentary evidence the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an individual residing in the city of New York, where he was employed during the year 1923 as a traveling salesman for the Whiz Dress Co. He received his entire compensation in the form of commissions on sales and from such commissions he paid all his traveling expenses. During the year in question he was absent from his home for 184 days during which he incurred and paid expenses which he itemized as follows:

| | |
|---|---:|
| Railway, Pullman and taxicab fares | $1,073.70 |
| Excess baggage, transfer, and porter charges | 944.11 |
| Hotel rooms | 800.00 |
| Meals | 578.50 |
| Entertaining customers on tour | 545.00 |
| Entertaining customers in New York | 210.00 |
| Tips for bell boys and porters | 177.00 |
| Telephone and telegraph | 135.00 |
| Laundry and valet bills | 125.00 |
| | 4,588.31 |

### DECISION.

The Board holds that the evidence adduced is not sufficient to prove the taxpayer's right to deduct the amounts of $755 for entertaining customers; $177 for tips for bell boys and porters, and $135 for telephone and telegraph tolls. The amount of $125 paid for laundry and valet service represents personal expenses and

therefore is not a legal deduction from taxable income. The remaining items are proven and are deductible. Final determination will be settled on consent or on ten days' notice, in accordance with Rule 50.